UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTONIO HUNDLEY,<br><br>    Petitioner,<br><br>    v.<br><br>T. CISNEROS,<br><br>    Respondent. | Case No.   2:21-cv-02237-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO RULE ON THESE FINDINGS AND RECOMMENDATIONS<br><br>ECF No. 2<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE FEDERAL HABEAS CLAIM<br><br>ECF No. 1 |

    Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  He was convicted in September 2009 and sentenced to life without parole.  ECF No. 1 at 1.  His petition is untimely.  Accordingly, I recommend that it be dismissed.

    The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

    Petitioner requests that I review the state court's interpretation and imposition of Penal Code § 190.2(a)(17) in his case.  ECF No. 1 at 18.  Under that provision of California law, death

1

or life without parole is the appropriate penalty for a person convicted of murder in the first degree while engaged in other felonious activity including, but not limited to, robbery, rape, or kidnapping. *See* Cal. Penal Code § 190.2(a)(17). More specifically, petitioner seeks review of the state court's "*Banks/Clark*" review of his case.[1] ECF No. 1 at 68. As the state superior court explained in the only reasoned habeas decision, a *Banks/Clark* review examines "whether there was sufficient evidence in the record to support the true finding of the robbery-murder special circumstance . . . ." *Id.*

As stated above, petitioner was convicted in 2009. *Id.* at 1. Thus, the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations for seeking federal habeas review has long since expired. *See* 28 U.S.C. § 2244(d)(1). And the Ninth Circuit has held that AEDPA's limitations period is not excepted for modifications or clarifications of state law. *See Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005). In light of that holding, courts in this circuit have declined to consider *Banks/Clark* claims that fall outside the statute of limitations. *See, e.g.*, *Acosta v. Lynch*, No. 3:20-cv-02039-WQH-AHG, 2021 U.S. Dist. LEXIS 127513, *7 (S.D. Cal. 2021) ("[S]ince *Banks* and *Clark* were both decided by the California Supreme Court, Petitioner is not entitled to a later start date of the statute of limitations."). Petitioner argues that, under his own understanding of the law, the habeas petitions relevant to his claims were timely filed. ECF No. 1 at 51-53. But AEDPA's statute of limitations makes no exception for a petitioner's unfamiliarity with the law. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

It is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. The Clerk of Court shall assign a district judge to rule on these findings and recommendations.

---

[1] Referring the California Supreme Court's decisions in *People v. Banks*, 61 Cal. 4th 788 (2015) and *People v. Clark*, 63 Cal. 4th 522 (2016).

1       It is RECOMMENDED that petitioner's petition, ECF No. 1, be dismissed without leave
2  to amend as untimely.
3       These findings and recommendations are submitted to the U.S. District Court Judge
4  presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of
5  Practice for the United States District Court, Eastern District of California.  Within fourteen days
6  of service of the findings and recommendations, petitioner may file written objections to the
7  findings and recommendations with the court.  That document must be captioned "Objections to
8  Magistrate Judge's Findings and Recommendations."  The District Judge will then review the
9  findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    December 13, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3